# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES KIDD,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1307** (BOR Appeal No. 2047044)
(Claim No. 2009060405)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Kidd, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 4, 2012, in which the Board affirmed a March 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 24, 2011, decision which denied a request for payment of a rotator cuff repair with excision of the lateral end of the clavicle and acromioplasty of the left shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kidd, an underground coal miner, injured his left shoulder, arm, and elbow in the course of his employment while operating a shuttle car on September 17, 2008. An MRI taken in December of 2008 revealed a partial rotator cuff tendon tear in the left shoulder. Mr. Kidd began physical therapy shortly after the accident. A December of 2008 treatment note by Syed Zahir, M.D., indicated Mr. Kidd was doing well, had almost regained full range of motion in his left shoulder, and had returned to work.

Unfortunately, Mr. Kidd began experiencing increased pain in his shoulder. Dr. Zahir's treatment note dated March 13, 2009, indicates that Mr. Kidd was experiencing persistent left shoulder pain, stiffness, and reduced range of motion. Dr. Zahir suggested the possibility of surgery and referred Mr. Kidd for a surgical consultation. In March of 2009, George Orphanos, M.D., evaluated Mr. Kidd and diagnosed him with left shoulder impingement syndrome. He noted that there was full function of the rotator cuff and that rotator movements were within normal limits. He opined that Mr. Kidd's condition had significantly improved since his injury and that surgical intervention was not appropriate at that time. Paul Legg, M.D., also evaluated Mr. Kidd, and he too determined that surgery would not be beneficial.

Mr. Kidd underwent another MRI in November of 2009 which revealed possible tendinosis from degenerative processes, normal attachment of the rotator cuff, and no indication of a rotator cuff tear. Shortly thereafter, A. E. Landis, M.D., determined in an independent medical evaluation that Mr. Kidd was not a surgical candidate. He opined that the pain was originating from the cervical region, not the left shoulder. Adam Padgett, M.D., agreed that surgery was not necessary in this case in a Grievance Board physician review in March of 2011. He concluded that the overwhelming medical evidence failed to support authorization of the surgery. Consequently, the claims administrator denied a request for payment of a rotator cuff repair with excision of the lateral end of the clavicle and acromioplasty of the left shoulder on March 24, 2011.

The Office of Judges affirmed the decision of the claims administrator in its March 12, 2012, Order. It found the diagnostic testing of record to be significant. In December of 2008 an MRI revealed a partial rotator cuff tear; however, in November of 2009, an MRI showed no indication of a rotator cuff tear. The Office of Judges found that the evidentiary record failed to support Dr. Zahir's opinion that Mr. Kidd required surgery. Dr. Zahir indicated in his treatment notes that both Drs. Orphanos and Legg agreed that Mr. Kidd required surgery. However, the Office of Judges found that Drs. Orphanos, Legg, Landis, and Padgett all stated that surgery would not be necessary in this case. The Office of Judges found that neither the diagnostic tests nor the other reports of record supported Dr. Zahir's contention that Mr. Kidd required surgery to treat his compensable left shoulder injury. It therefore held that surgical intervention was neither reasonable nor necessary in this case.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 4, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that surgery is not reasonably required or medically necessary to treat Mr. Kidd's compensable left shoulder injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum